## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 10-B-76118 |
|---|---|---|---|
| DATE | April 1, 2011 | ADVERSARY NO. | |
| CASE TITLE | Robert St. Vincent and Carol St. Vincent, Debtors | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Debtors' motion for sanctions is DENIED.

■[ For further details see text below.]

### MEMORANDUM OPINION

### Factual Background

The Debtors seek sanctions against Chase Bank for refusing to provide access to funds in their bank account at Chase after they notified the bank that they had filed for bankruptcy.

The general facts are not disputed. The Debtors filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code with this Court on December 16, 2010. At the time of the petition, the Debtors had funds on deposit in a bank deposit account at Chase Bank.[1] Prior to the petition date, Chrysler Financial Services Americas LLC (the "Judgment Creditor" or "Chrysler") had obtained a judgment against the Debtors in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois, for $8,377.90, of which $7,955.96 remained unpaid as of November 2010. The Judgment Creditor had a citation to discover assets to third party

---

[1] In the Debtors' motion for sanctions, they do not state the amount on deposit as of the petition date. In the bank's response, it states that the Debtors had approximately $4,823.05 on deposit at the time the bank received the citation order and froze the account, but the Debtors listed the value of the account as of the petition date as only $200 on their bankruptcy schedules. They also asserted only a $200 exemption in the account in their schedules, under the Illinois 'wildcard exemption.' 735 ILCS 5/12-1001(b).

issued, which it served on Chase Bank on November 24, 2010. The state court citation stated that Chase Bank was required to appear at a citation hearing in state court on December 30, 2010, and stated that the bank was prohibited "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled ... and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him, until the further order of court or termination of the proceedings." In response to the citation, Chase Bank placed an administrative hold on the Debtors' account.

On or about December 16, 2010, the Debtors notified their attorney that Chase had frozen their bank account pursuant to a non-wage garnishment. On the same day, the Debtors' attorney contacted counsel for the Judgment Creditor, Freedman, Anselmo, Lingberg & Rappe, LLC, by fax to notify them of the bankruptcy, and demanding that they fax a release to Chase immediately. The Judgment Creditor filed a motion to dismiss the citation proceedings, which were dismissed on January 4, 2011. The Debtors' counsel also sent a fax to Chase on December 21, 2010, and again on December 22, 2010, notifying the bank of the bankruptcy, demanding that the bank release the hold on the Debtors' account, and asserting that the failure to release the hold on the account was a violation of the automatic stay. Chase refused to release the hold without a court order. On January 5, 2011, after receiving a copy of the January 4th order dismissing the citation proceeding, Chase released the administrative hold on the Debtors' account.

The Debtors argue that Chase Bank's refusal to release their bank account in spite of knowledge of their bankruptcy was a willful violation of the automatic stay, and seek attorneys' fees and consequential damages, asserting that Mr. St. Vincent missed work because he could not purchase gasoline and Mrs. St. Vincent was unable to purchase certain medicine because they did not have access to their bank account.

**Discussion**

The automatic stay is one of the Bankruptcy Code's fundamental elements of debtor protection. In re Hodges, 364 B.R. 304, 306 (Bankr. N.D. Ill. 2007). Section 362(a) of the Bankruptcy Code contains eight categories of acts prohibited by the automatic stay, and under Section 362(k), "an individual injured by any willful violation of [the stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

The Debtors assert that Chase Bank violated Section 362(a)(1), which states that a bankruptcy petition operates as a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). However, the Debtors fail to explain how Chase Bank's refusal to allow the Debtors to access their account at the bank falls within this subsection. Subsection (a)(1) "provides for a broad stay of legal proceedings against the debtor." 3 Collier on Bankruptcy, ¶ 362.03[3], 3-24 (16th ed. Rev. 2010). Perhaps the Debtors are trying to argue that by placing an "administrative hold" on the Debtors' account in the bank's internal records the bank committed an "administrative" "action" against the Debtors. But, the use of such terms in the statute is in the legal, not

colloquial, sense. However broad subsection (a)(1) is, it refers only to actions or proceedings with or in front of some form of governmental agency, and not to the internal acts of the administrative department of a private company. Certainly the citation proceeding against the Debtors commenced by Chrysler in state court constituted a judicial proceeding against the Debtors or to recover a claim against the Debtors, and the continuation of the proceeding would have been a violation of Section 362(a)(1). But Chase Bank was an involuntary respondent to the citation proceedings. It neither commenced the proceedings nor had any power to stop them. Subsection (a)(1) cannot be stretched so far as to characterize the compliance with a judicial order issued against an involuntary participant in that judicial proceeding as a "continuation" of a judicial proceeding. If the Debtors feel that the stay was violated by the continuation of the citation proceeding, then they should have filed their motion for sanctions against the party that initiated the citation proceeding and who had the power to request dismissal of the proceeding, Chrysler.[2]

Although the Debtors only refer to subsection (1) of Section 362(a) in their motion, none of the other subsections would apply. The Debtors have not alleged that Chase had any judgment against the Debtors or that Chase asserted any lien against the Debtor's property, so none of subsections (2), (4) or (5) of Section 362(a) apply. The Debtors have not asserted that Chase Bank was a creditor or had any claim against them. Therefore, the Debtors cannot claim that the bank's actions were an "act to collect, assess, or recover a claim" under Section 362(a)(6) or a "setoff of any debt owing to the debtor" under Section 362(a)(7). None of the facts relate to any tax liability, so subsection (a)(8) does not apply.

The only provision in Section 362(a) that comes close to being applicable is Section 362(a)(3), which acts as a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Seventh Circuit Court of Appeals has held that a creditor who repossesses a vehicle prepetition violates the automatic stay by failing to return it to a Chapter 13 debtor-in-possession postpetition upon demand. Thompson v. Gen'l Motors Acceptance Corp., 566 F.3d 699 (7th Cir. 2009). As the court stated, "the act of passively holding onto an asset constitutes 'exercising control' over it, and such action violates section 362(a)(3) of the Bankruptcy Code." Thompson, 566 F.3d at 703. If the deposit account were thought of as money owned by the Debtors which was sitting in a vault at the bank, then refusing to deliver possession of the money would have been a violation of the stay under Thompson. The problem is that a bank account is not the same as a car. As the Supreme Court has stated, a bank account does not "consist[] of money belonging to the depositor and held by the bank." Citizens Bank v. Strumpf, 516 U.S. 16, 21, 116 S. Ct. 286, 290 (1995). Instead "it consists of nothing more or less than a promise to pay, from the bank to the depositor." Id. While that payment right might be an asset of the debtor as to the debtor or to a third party, as to the bank it is merely a contractual obligation to pay. Therefore, the Supreme Court has held that where a bank freezes a debtor's deposit account, it is not a violation of Section 362(a)(3), since a "temporary refusal to pay was neither a taking of possession of [the debtor]'s property nor an exercising of control over it, but merely a refusal to perform its promise." Id. See also Perdew v. First of America, N.A. (In re Perdew), 227 B.R. 865, 868 (Bankr. S.D. Ind. 1998) (finding that bank served with a garnishment order under Indiana law which required the bank to place a hold on judgment debtor's account did

---

[2] However, the Debtors do not seem to place any blame on Chrysler. In their motion against Chase, the Debtors allege that Chrysler "immediately responded [to the Debtor's communication] by filing a Motion to Dismiss the citation proceeding."

not violate any of Section 362(a)(1) through (8) by refusing to release the hold even after learning of the judgment debtor's bankruptcy).

Since the Debtors have not demonstrated that Chase Bank's hold on their account violated any provision in Section 362(a), their motion for sanctions under Section 362(k) will be denied.

The fact that freezing the bank account did not violate the automatic stay does not mean that the Debtors were without a remedy. First, as noted above, any continuation of the citation proceeding *by the Judgment Creditor* would have been a violation of the automatic stay, so the Debtors could have pressured the Judgment Creditor to have the citation dismissed, and could have sought sanctions against it if it failed to act or cooperate. Second, Section 542(b) requires that any "entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 ... against a claim against the debtor." 11 U.S.C. § 542(b). There is no indication that Chase Bank had any set-off right or that the account was other than payable on demand, so the bank would have had an obligation to release funds in the account on demand under Section 542(b). Once the bank refused, the Debtors could have initiated proceedings in this Court to compel turnover. Since Chase had no claim on the account funds, and apparently only wanted court authority before acting in contravention of the citation order, it is unlikely the bank would have contested the proceedings.

In contrast, the Court is sympathetic that Chase Bank might have felt uncomfortable releasing account funds in the face of a state court order prohibiting such release. Their discomfort is especially warranted because of their potential liability for violating that state court order. Under Illinois law, a person who transfers property in contravention of a citation order may be "punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt." Bank of Aspen v. Fox Cartage, Inc., 126 Ill. 2d 307, 320, 533 N.E.2d 1080, 1086 (Ill. 1989); 735 Ill. Comp. Stat. 5/2-1402(f)(1). At least one judge in the Northern District of Illinois has held that the automatic stay of a judgment debtor who files bankruptcy is not a defense to the restraining provision of a citation against a third party. Shales v. Lanas Construction, Inc., 2010 WL 3842362 (N.D. Ill. 2010) (Kennelly, J.) ("The automatic stay did not, however, relieve Daniels of its responsibility to adhere to the citation during the pendency of the bankruptcy proceedings absent an order from the bankruptcy court excusing compliance. A contrary rule would permit the debtor to unilaterally nullify or evade a citation order and would provide an incentive for meritless bankruptcy filings.") (internal citations omitted).

### Conclusion

For the foregoing reasons, the Debtors' motion for sanctions against Chase Bank is DENIED.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

April 1, 2011

Judge Manuel Barbosa